**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| WALKER DIGITAL, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:10cv0212 (JFA) |
| | ) | |
| CAPITAL ONE SERVICES, LLC; | ) | **JURY TRIAL DEMANDED** |
| CAPITAL ONE BANK (USA), N.A.; and | ) | |
| CAPITAL ONE FINANCIAL | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF WALKER DIGITAL LLC'S MOTION TO EXTEND THE DEADLINE FOR WALKER TO FILE ITS RESPONSIVE EXPERT REPORT REGARDING INVALIDITY**

Plaintiff Walker Digital, LLC ("Walker Digital") respectfully provides this Memorandum in Support of "Walker Digital's Motion to Extend Expert Discovery Deadlines." In the corresponding motion, Walker Digital moves this Court for an extension of the deadline for expert discovery, for good cause, to allow service of responsive expert reports regarding invalidity on or before July 23, 2010 (from July 7, 2010). Defendants Capital One Services, LLC and Capital One Bank (USA), N.A. and Defendant Capital One Financial Corporation (collectively "Capital One") has refused to consent to the relief requested herein. (Hadley Dec. ¶ 2). Walker Digital is not requesting an extension of any other deadlines or modification of the trial date. The reasons for the motion are set forth below.

**STATEMENT OF RELEVANT FACTS**

1

This case was transferred to the Eastern District of Virginia on March 5, 2010, and in its April 1, 2010 Order, the Court ordered, in relevant part, that expert disclosures be governed by the schedule set forth in Section III of the Joint Discovery Plan filed March 24, 2010. The schedule regarding expert deadlines was most recently extended in the Court's Order of June 21, 2010.

On June 16, 2010, in accordance with this Court's pretrial schedule, Capital One served its Report of Expert Michael I. Shamos Concerning Invalidity. (Hadley Dec. ¶ 2). Dr. Shamos' report was extremely lengthy and included several lengthy and difficult-to-analyze attachments. *Id*. In his Report, Dr. Shamos' also relied on declarations from several third-party fact witnesses, the depositions of whom were not completed until June 23, 2010. (Hadley Dec. ¶ 8).

The day following the completion of third-party witness depositions, Walker Digital's rebuttal expert, Professor Ronald Mann, departed for Europe, where he will be unavailable for three weeks. (Hadley Dec. ¶ 7).

Also on June 16, 2010, Walker Digital's lead counsel, Roderick Dorman, required surgery and is still currently hospitalized due to complications from this surgery. (Hadley Dec. ¶ 5).

The current deadline for service of responsive expert reports regarding invalidity is set for July 7, 2010. (Hadley Dec. ¶ 3).

An extension of the deadline for expert reports regarding invalidity, to allow service of these documents on or before July 23, 2010, would allow Walker Digital's counsel to fully review the lengthy report of Dr. Shamos. It would also allow Walker Digital's technical expert, Professor Ronald Mann, to review the deposition transcripts and exhibits which he could not otherwise consider in his rebuttal report, as the relevant depositions were not complete until June

2

23, 2010. Finally, the extension would allow Walker Digital's lead counsel, Roderick Dorman, to coordinate with Professor Mann on his rebuttal report, and ensure that Professor Mann's rebuttal expert report meets all legal requirements and is responsive to Dr. Shamos' report.

In accordance with E.D. Va. Loc. Civ. R. 7., and as detailed in the Declaration of Lawrence M. Hadley accompanying the motion, Walker Digital's counsel met and conferred with Capital One's counsel seeking their approval in the current matter. (Hadley Dec. ¶ 4). During the meet and confer, Walker Digital's counsel proposed that the deadline for both Walker Digital's rebuttal report on invalidity and Capital One's rebuttal report in infringement be extended to July 23, 2010. In response, Capital One's counsel informed Walker Digital's counsel that Capital One would not consent to the current motion. (Hadley Dec. ¶ 9). According to Mr. Charles Barquist, counsel for Capital One, Capital One intends to file a second round of summary judgment papers, this time on validity issues, and Capital One would have insufficient time to do so if the requested deadlines were extended. *Id*.

## ARGUMENT

**I.     THE RULES PROVIDE FOR AN EXTENSION.**

The Federal Rules of Civil Procedure provide in pertinent part that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, Local Rule 16 states "[t]he parties and their counsel are bound by the dates specified in any such [scheduling] orders and no extensions or continuances thereof shall be granted in the absence of a showing of good cause." E.D. Va. Loc. Civ. R. 16.

**II.    THERE IS GOOD CAUSE TO GRANT THE EXTENSION.**

    **A. Capital One's Extensive Expert Report Mandates an Extension of the Time to Respond**

Capital One's invalidity expert, Dr. Shamos', report, served on Walker Digital on June 16, 2010 was 45 pages long and contained 171 separately-numbered paragraphs. (Hadley Dec. ¶ 2). Additionally, Dr. Shamos attached declarations from four witnesses. *Id*. Dr. Shamos also provided two electronic Excel documents that contained his analysis of allegedly invalidating prior art. The first Excel document contained approximately 28 rows and 53 columns. *Id*. The second Excel document appears to contain well over 100 separate spreadsheets, but is in a format that is highly difficult to review electronically, and nearly impossible to print. *Id*. The Information Technology group at Hennigan, Bennett & Dorman spent nearly a week reformatting the second Excel document so it could be printed in a sensible form. *Id*.

Walker Digital's counsel simply cannot fully analyze such a lengthy report in the allotted time. Nor can Walker Digital's technical expert, Professor Mann, analyze and respond to this report by the current deadline. (Hadley Dec. ¶ 7).

**B. The June 24, 2010 Completion Of Discovery Of Prior Art Witnesses Mandates an Extension of the Time to Respond**

In addition to the issue of its length and formatting, Dr. Shamos' Report relied on declarations from three third-party fact witnesses. (Hadley Dec. ¶ 8). Counsel for Walker timely noticed the depositions of all three witnesses, along with one other third party witness with possible knowledge on the same topic. *Id*. But due to scheduling considerations of both the witnesses and counsel for both parties, those depositions were not completed until June 23, 2010. *Id*.

In order for Professor Mann to review the deposition transcripts and exhibits, and take that information into account before completing his rebuttal report, an extension of the time to respond is necessary.

### C. Walker Digital's Expert Is Currently Unavailable

Considering the above issues regarding the content of Dr. Shamos' Report, the current deadline is even further out-of-reach because Walker Digital's technical expert, Professor Mann, departed on June 24, 2010 for a three-week trip to Europe. (Hadley Dec. ¶ 7).  During part of this time, Professor Mann will be inaccessible since he will be visiting several small towns with limited or no cell phone and internet availability.  *Id*.  Professor Mann will be returning on July 15, 2010, and will require approximately 8 days from his return to complete the rebuttal report.  *Id*.

### D. Walker Digital's Lead Counsel Is Currently Unavailable

Walker Digital's lead counsel, Roderick Dorman, required surgery in Phoenix, Arizona, on June 16, 2010 to remove a tumor.  (Hadley Dec. ¶ 5).  Due to minor complications from the surgery, Mr. Dorman has been hospitalized since that time.  *Id*.  While Mr. Dorman is hopeful that he will be released shortly, his return date to California, and his subsequent work schedule is uncertain at this time.  *Id*.

As lead counsel, Mr. Dorman requires time to ensure that the rebuttal expert report of Professor Mann both satisfies the requirements of the Federal Rules and accurately responds to Dr. Shamos's opinions.  Additionally, Mr. Dorman is taking the lead at Hennigan, Bennett & Dorman in coordinating with Walker's rebuttal expert on validity issues  *Id*.

### E. Capital One's Desire to Reserve Time for A Potential Second Summary Judgment Motion Does Not Negate Walker Digital's Good Cause For An Extension

Given the above good cause for an extension of the deadline, Walker Digital contacted Capital One to request that it consent to such extension.  (Hadley Dec. ¶ 4).  Capital One stated

that it would not grant Walker Digital's requested extension because Capital One intends to file another summary judgment motion in this case. (Hadley Dec. ¶ 9). At this time, Capital One has not asked for permission or been granted leave by the court to file a second motion for summary judgment. Under E.D. Va. Loc. Civ. R. 56(c), Capital One may not file separate motions for summary judgment addressing separate grounds without leave of Court. Thus, Capital One is not entitled to a second summary judgment motion (indeed, its first motion is still pending) and should not be permitted to thwart Walker Digital's request for an extension of deadlines, for which it has shown good cause.

Accordingly, Walker Digital seeks an extension of the deadlines for expert discovery to allow for service of responsive expert reports regarding invalidity on or before July 23, 2010 (from July 7, 2010). Walker Digital does not request an extension of any other deadlines or of the trial date of September 27, 2010 (see Order dated June 15, 2010, Docket No. 68).

## CONCLUSION

Walker Digital respectfully requests that the Walker Digital's Motion to Extend Expert Discovery Deadlines be granted. Walker Digital does not oppose the same extension for Capital One's rebuttal expert on infringement.

                              Respectfully submitted,

                              _____/s/_____
                              Robert Carter Mattson
                              (VSB No. 43568)
                              Lindsay Jane Kile
                              (VSB No. 78686)
                              OBLON, SPIVAK, MCCLELLAND,
                                MAIER & NEUSTADT, LLP

1940 Duke Street
Alexandria, Virginia 22314
Tel: (703) 413-3000
Fax: (703) 413-2220
Email: rmattson@oblon.com
Email: lkile@oblon.com

- and -

Roderick G. Dorman, *Pro Hac Vice*
Thomas B. Watson, *Pro Hac Vice*
Alan P. Block, *Pro Hac Vice*
HENNIGAN, BENNETT &
DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

**ATTORNEYS FOR PLAINTIFF
AND COUNTERDEFENDANT
WALKER DIGITAL, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2010, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John P. Corrado
Joshua A. Hartman
Morrison and Forester LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
Tel: (202) 887-1500
Fax: (202) 887-0763
Email: jcorrado@mofo.com
Email: jhartman@mofo.com

And I hereby certify that I will deliver the document by electronic mail in accordance with the parties Joint Discovery Plan filed March 24, 2010, to the following non-filing users:

Charles S. Barquist
Ryan J. Malloy
Morrison and Forester LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013-1024
Tel: (213) 892-5200
Fax: (213) 892-5454
Email: cbarquist@mofo.com
Email: rmalloy@mofo.com

      /s/
Lindsay J. Kile
Virginia Bar No. 78686
Oblon, Spivak, McClelland,
  Maier & Neustadt, L.L.P.
1940 Duke Street
Alexandria, Virginia 22314
Tel: (703) 413-3000
Fax: (703) 413-2220
Email: lkile@oblon.com

**ATTORNEY FOR PLAINTIFF AND COUNTERDEFENDANT WALKER DIGITAL, LLC**