# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| WALKER DIGITAL, LLC | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:10cv0212 (JFA) |
| | ) |
| CAPITAL ONE SERVICES, LLC; | ) |
| CAPITAL ONE BANK (USA), N.A.; and | ) |
| CAPITAL ONE FINANCIAL | ) |
| CORPORATION | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO AMEND JUDGMENT
PURSUANT TO RULE 59(e) F.R.C.P.**

Walker Digital moves this Honorable Court, pursuant to Rule 59(e) F.R.C.P. to amend both this Court's order of non-infringement and its judgment in favor of Defendants. A district court may grant a Rule 59(e) motion to correct a clear error of law or prevent manifest injustice. *Kunamneni v. Locke*, 2010 U.S. Dist. LEXIS 9772, *6-7 (E.D. Va., Alex. Div.).

In reaching its ruling, the Court misapplied the law of this case—its own claim construction order. There, the Court construed the phrases "calculating a price" and "calculate a price" to mean "computing a fee or credit (that may be zero) for modifying or entering into a credit account, based on the credit or account parameters." (Doc. 65 at 16). In its order granting summary judgment of non-infringement, the Court expressed two reasons why the "calculating"

iManage\1610529.2

portion of that claim limitation as construed was not literally present in the accused device and methods:[1]

> (1) "Card Lab was not a method, apparatus or program that allowed the customers to specify the exact parameters desired or to obtain all the account terms that they desired." (Tr. at 45:17-19).
>
> (2) "Instead, it was a system that provided a somewhat sophisticated method of allowing customers to sort and filter through various predetermined options to select from one of 155 predesigned and available credit cards." (Tr. at 45:20-23).

Focusing first on (1) above, there is nothing in this Court's claim construction order that requires the "computing" to be based on a "specification by customers of the exact parameters desired in order to obtain all the account terms that they desired." All the claim construction order required is that the computing be "based on the credit or account parameters." If the Court's language expressed in (1) above was intended to be communicated by its claim construction order relating to the "calculating a price" limitation, that was not apparent to Walker Digital, its counsel or its experts. Moreover, such a construction would have excluded a disclosed embodiment from the scope of the claims, since the patents in issue expressly contemplate a system where the credit card issuer, not the customer, selects which credit card parameters are going to be offered and available to the customer:

> "FIG. 4 depicts a preferred set of parameters pertaining to each credit account. These parameters are stored in the parameter

---

[1] In lieu of a Memorandum Opinion, the Court issued its explanation and reasoning for its order granting Defendants' Motion for Summary Judgment of Non-Infringement in open Court. All references to that order and the oral argument that preceded it are to the Transcript entitled "Hearing on Motions," dated July 2, 2010 (hereinafter referred to as "Tr.").

-2-

iManage\1610529.2

>    database 27a.  When the customer selects the parameters in step S3
>    of FIG. 6, he selects from the available parameters."

('478 patent, Col. 5:57-61).  Had the Court in its claim construction order construed "calculating" to mean a computation based on "specifications by customers of the exact parameters desired in order to obtain all the account terms that they desired," such a construction would have been legally erroneous, since it would have excluded disclosed embodiments in the specification.  *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583-84 (Fed. Cir. 1996) (a construction of a claim term which excluded a preferred embodiment would rarely, if ever, be correct); *Helmsderfer v. Bobrick Washroom Equip., Inc*., 527 F.3d 1379, 1383 (Fed. Cir. 2008) ("[O]ur court has cautioned against interpreting a claim term in a way that excludes disclosed embodiments, when that term has multiple ordinary meanings consistent with the intrinsic record.")

Focusing next on (2) above, there is nothing in the Court's construction to indicate that "computing" does not or cannot include sorting or filtering.  Indeed, it would have been erroneous for the Court to have included such a negative limitation, such that the construction would have read:  "computing (without sorting or filtering) a fee or credit (that may be zero) for modifying or entering into a credit account, based on the credit or account parameters."  This Court construed "calculating" to mean computing generally, based on the credit or account parameters.  As it explained in its claim construction order, "[t]he specification does include examples of mathematical formulae but it does not limit the method of computing the price to mathematical formulae." (Doc. 65, p. 16).

Thus, the Court's claim construction should have been applied without the unexpressed, negative limitation the Court now imports into its construction. Based on the Court's expressed claim construction, Professor Korf explained how Card Lab computes a fee or credit (that may be zero) for modifying or entering into a credit account, based on the credit or account parameters by using a set intersection and a set union computation which literally satisfies this Court's <u>expressed</u> meaning of the term "calculate." (Exhibit A (filed under seal) to Decl. of Prof. Korf, Doc. 71-5, Section 2.2, pp. 6-8).

Finally, in connection with the "price" limitation in the phrase "calculate a price," the Court stated:

> Even if the Court was to accept the plaintiffs new theory that the annual fee could be considered the price for a credit account, even though it is clearly one of many account parameters, the annual fee for each credit card was not calculated or computed by Card Lab. It was a predetermined account parameter for a predesigned card."
>
> (Tr. at 46:21-47:1.)

The Court raises two issues in that statement: (1) whether a fee for entering into a credit account can be an account parameter; and (2) whether the fact that the tables within the Card Lab computer system were populated with information from predetermined account parameters for predesigned cards means that an annual fee was not calculated or computed by the Card Lab system as claimed in the '478 and '230 patents. This Court's claim construction order answers (1) and the claim language answers (2).

-4-

iManage\1610529.2

Based on this Court's claim construction, a price is a fee. Because an annual fee is a fee, an annual fee is a price. The only way an annual fee would not be a calculated price for the purpose of satisfying a claim limitation of "calculate a price" is if this Court, in its claim construction order, had construed the term with a negative limitation such that the claim construction order would have said "'calculate a price' means 'computing a fee or credit (that may be zero and may not be a credit or account parameter) for modifying or entering into a credit account, based on the credit or account parameters.'" Like the sorting and filtering issue discussed above, there is no such negative limitation in the Court's construction.

The fact that the Card Lab computer system utilized tables of account parameter information from predesigned cards does not mean that the asserted claims are not infringed. Each of the asserted claims contemplates first the selection of at least one account parameter and thereafter a calculation of a price for a credit account having that first selected parameter. It is undisputed that there are different annual fees that may be offered by Card Lab depending upon which account parameters are selected by the customer. The computing in the Card Lab system that determines that correspondence satisfies the claim language. Nothing in the claims of the patents-in-suit as construed by this Court requires the computation of a heretofore non-existent price in order for the claims to be infringed.

On the record before this Court, applying this Court's claim construction rulings from its Memorandum Opinion, Capital One was not entitled to summary judgment of non-infringement. Walker Digital requests the Court to alter its order and judgment, deny Capital One's motion for summary judgment of non-infringement and reinstate the case to the Court's active docket.

                                                                            Respectfully submitted,

iManage\1610529.2

/s/
Robert Carter Mattson
(VSB No. 43568)
Lindsay Jane Kile
(VSB No. 78686)
OBLON, SPIVAK, MCCLELLAND,
 MAIER & NEUSTADT, LLP
1940 Duke Street
Alexandria, Virginia 22314
Tel: (703) 413-3000
Fax: (703) 413-2220
Email: rmattson@oblon.com
Email: lkile@oblon.com

- and -

Roderick G. Dorman, *Pro Hac Vice*
Thomas B. Watson, *Pro Hac Vice*
Alan P. Block, *Pro Hac Vice*
HENNIGAN, BENNETT &
DORMAN LLP
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017
Telephone:  (213) 694-1200
Facsimile:  (213) 694-1234


**ATTORNEYS FOR PLAINTIFF
AND COUNTERDEFENDANT
WALKER DIGITAL, LLC**

iManage\1610529.2

## **CERTIFICATE OF SERVICE**

       I hereby certify that on July 23, 2010, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John P. Corrado
Joshua A. Hartman
Morrison and Forester LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
Tel: (202) 887-1500
Fax: (202) 887-0763
Email: jcorrado@mofo.com
Email: jhartman@mofo.com

And I hereby certify that I will deliver the document by electronic mail in accordance with the parties Joint Discovery Plan filed March 24, 2010, to the following non-filing users:

Charles S. Barquist
Ryan J. Malloy
Morrison and Forester LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013-1024
Tel: (213) 892-5200
Fax: (213) 892-5454
Email: cbarquist@mofo.com
Email: rmalloy@mofo.com

                                                /s/
                                          Lindsay J. Kile
                                          Virginia Bar No. 78686
                                          Oblon, Spivak, McClelland,
                                            Maier & Neustadt, L.L.P.
                                          1940 Duke Street
                                          Alexandria, Virginia 22314
                                          Tel:  (703) 413-3000
                                          Fax:  (703) 413-2220
                                          Email: lkile@oblon.com

iManage\1610529.2

                              **ATTORNEY FOR PLAINTIFF AND COUNTERDEFENDANT WALKER DIGITAL, LLC**

iManage\1610529.2